IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

Eric Alan Sanders, on behalf of dependents SK Sanders, EA Sanders II, and ZM Gray-Sanders
P.O. Box 885
Barnwell, SC 29812
803-814-3631
eric.store416@gmail.com

-against-

Walter C Herin Jr; LaNieta Carter; SC ODAR (South Carolina Office of Hearings Operations); Disability Determination Services (South Carolina Vocational Rehabilitation Department); H Corn (Disability Examiner)

Defendants.

**Complaint for Violation of Civil Rights**
(Non-Prisoner Complaint)

Case No. _____
*(to be filled in by the Clerk's Office)*

Jury Trial:    x Yes    ☐ No
*(check one)*

## NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in *forma pauperis*.

I. **The Parties to This Complaint**

A. **The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

|  |  |
|---|---|
| Name | Eric Alan Sanders et al |
| Street Address | P.O. Box 885 |
| City and County | Barnwell, Barnwell County |
| State and Zip Code | South Carolina 29812 |
| Telephone Number | 803-814-3631 |

B. **The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1

|  |  |
|---|---|
| Name | Walter C Herin Jr |
| Job or Title | Administrative Law Judge |
| Street Address | 101 Executive Center Drive, Suite 215 |
| City and County | Columbia, Richland County |
| State and Zip Code | SC 29210-8411 |
| Telephone Number | |

x   Individual capacity          x   Official capacity

Defendant No. 2

|  |  |
|---|---|
| Name | SSA Office of Hearings Operations (a.k.a. SC ODAR |
| Job or Title | |
| Street Address | 101 Executive Center Drive, Suite 215 |
| City and County | Columbia, Richland County |
| State and Zip Code | SC 29210-8411 |
| Telephone Number | |

1

|   |   |   |   |
|---|---|---|---|
| 1 | x  Individual capacity | x☐ Official capacity |
| 2 | Defendant No. 3 | |
| 3 | Name | Disability Determination Services (South Carolina |
| 4 |  | Vocational Rehabilitation Department) |
| 5 | Job or Title | |
| 6 | (if known) | |
| 7 | Street Address | P.O. Box 80 |
| 8 | City and County | West Columbia, Richland County |
| 9 | State and Zip Code | SC 29171-0080 |
| 10 | Telephone Number | |
| 11 | x  Individual capacity | xOfficial capacity |
| 12 | Defendant No. 4 | |
| 13 | Name | LaNieta Carter |
| 14 | Job or Title | Hearings Director |
| 15 | Street Address | 101 Executive Center Drive, Suite 215 |
| 16 | City and County | Columbia, Richland County |
| 17 | State and Zip Code | SC 29210-8411 |
| 18 | Telephone Number | |
| 19 | x  Individual capacity | x  Official capacity |
| 20 | Defendant No. 5 | |
| 21 | Name | H. Corn |
| 22 | Job or Title | Disability Examiner |
| 23 | Street Address | P.O. Box 3090 |
| 24 | City and County | Greenville |
| 25 | State and Zip Code | SC 29602 |
| 26 | Telephone Number | |
| 27 | x  Individual capacity | x  Official capacity |
| 28 | | |

2

II. **Basis for Jurisdiction**

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), you may sue federal officials for the violation of certain constitutional rights.

A. Are you bringing suit against *(check all that apply)*:

    x    Federal officials (a *Bivens* claim)

    x    State or local officials (a § 1983 claim)

B. Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

Count 1 – Violation of his First Amendment Right to Petition the Government

Count 2 – Violation of his Fourteenth Amendment Rights (Due Process Clause and Equal Protection Clause)

Count 3 – Violation of Rights Under 42 U.S.C. § 1981(a) to "sue, be a party, and present evidence, and equal protection of laws…"

Count 4 – Violation of 42 U.S.C. § 35.130(a), the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132

Count 5 – Violation of Section 504 of the Rehabilitation Act of 1973 (29 U.S.C. § 794_

Count 6 – Bivens Claim (Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)

Count 7 – Federal Torts Claims Act, with exhaustion of administrative remedies and right to seek judicial review on July 31, 2018.

Count 8 – Violation of Plaintiff's Eighth Amendment Right (Excessive Fines, Punishments, etc.)

Count 9 - Conspiracy to Interfere With Civil Rights, 42 U.S.C. § 1985(2) (Obstructing justice; intimidating party or witness)

Count 10 – Conspiracy to Interfere With Civil Rights, 42 U.S.C. § 1985(3) (Depriving persons of rights and privileges)

Count 11 – Action for neglect to prevent, 42 U.S.C. § 1986.

Count 12 – Creation of Remedies, Declaratory Judgment Act, 28 U.S.C. 2201.

C. Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

See B.

D. Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

See Statement of Facts.

III. **Statement of Claim**

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

STATEMENT OF FACTS

4

1. The following statements are made without regard to any reasonable accommodations under Title I and V of the ADA and whether the Plaintiff is a qualified individual under that statue.

2. Plaintiff incorporates by reference the Social Security Administrations complete record concerning his applications for benefits to it, all documents mentioned herein, and his Complaint/Exhibits filed in Sanders v. Commissioner of Social Security, District Court, District of South Carolina, C/A 0:18-cv-03070-JMC-PJG.

3. I am a qualified individual with mental impairments including, but not limited to: Bipolar I disorder, severe with psychotic features (paranoid thought content), Obsessive-compulsive disorder, Paranoid personality disorder; Body dysmorphia, chronic fatigue, etc.

4. Defendants are "public entities," as defined by Title II of the ADA, and "programs or activities" as defined by 29 U.S.C. § 794(b)(1)(A).

5. I applied for social security benefits in June 2015 and exhausted all available administrative remedies by filing a request for review of denial of benefits with the Appeals Council, receiving notice of denial of review on October 26, 2018.

6. I allege that the Commissioner, based on a report from a vocational expert, found that Plaintiff has "medically determinable impairment[s] [*12.04 –Affective Disorders, 12.06 – Anxiety-Related Disorders, and 12.08 – Personality Disorders*]…present that [fail to] satisfy the diagnostic criteria…"

7. However, Plaintiff argues that the Commissioner failed to consider evidence of (Paragraph B) functional limitations including substantially limited social functioning, due to severe agoraphobia (social anxiety and fear of leaving the house), in the areas of shopping, taking public transportation, and using the post office.

8. Dr. Caleb Loring, IV, Psy. D., during Plaintiff's mental status exam, conducted in September 2015, diagnosed Plaintiff with Paranoid personality disorder and documented an opinion that "[Plaintiff] would most likely have a difficult time working at a job with public contact."

9. The Plaintiff presented a declaration from his mother stating that he does not leave the house, she has to do all of the shopping and mailing activities. She also declared that Plaintiff was antisocial, socially isolated, and had no friends.

10. The Plaintiff also presented new evidence, on appeal, from his treating therapist, Dr. Cathy Lebeaux, MS, MA, LPC, BC-DMT, that "[p]er the Adult Self-Report Scale (ASRS-v.1.1), [Plaintiff's] score indicated that [he] do[es] have ADD and have trouble focusing, concentrating, and staying on task..." in February 2016.

11. The Plaintiff argues the Commissioner ignored medical records/documentation, from Aurora Pavillion Behavioral Services (Aiken, SC), of Plaintiff's need for a more structured psychological support system – involuntary hospitalizations occurring in January 2011, April 2012, and March 2013 (March 30, 2013 – April 10, 2013). Also, Plaintiff was deemed disabled as a minor from 1996 until around 2003 – a material fact ignored by the Commissioner.

12. Plaintiff argues that he has avoided further hospitalization by maintaining a structured setting at home to reduce the mental demands on himself by isolating himself from friends, family, the public; rarely interacting with the public in person or over the phone, not going shopping or social gatherings, and depended on his family members to shop for him and mail items for him.

13. The Plaintiff's current period of decomposition has lasted from May 26, 2015 until the present. During this period, Plaintiff attempted to complete a semester of college (a work or vocational attempt) in March 2016; however, he had to withdraw due to his concentration issues, agoraphobia, and social anxiety in April 2016.

14. The Plaintiff argues that chronic schizophrenic, paranoid, or other psychotic disorders meet the criteria of steps two - § 404.1520(c) - and three - §§ 404.1520(d), 404.1525, 404.1526 - of the SSA's five-step procedure and the Commissioner erroneously considered and denied Plaintiff's claim for benefits based on findings concerning steps four and five.

15. <u>Findings of the ALJ with the Appeals Counsel Affirming</u>

16. First, the Plaintiff argues the Administrative Law Judge, Walter C. Herin Jr., abused his discretion and made an error of law by failing to find Plaintiff disabled at step three, or under *§§ 404.1520(d), 404.1525, 404.1526*, or eligible for benefits without having to meet the criteria in steps four and five.

17. The Plaintiff argues that his mental impairments (agoraphobia, ADD, schizophrenia, Bi-Polar, severe with psychotic features (paranoid thought content), Paranoid personality disorder, Body dysmorphia, etc.) combined with physical impairments (chronic lumbar sprain, bulging disc, chronic fatigue, bilateral knee pain, meniscus tear, small focal

cartilage defect of the central grove of the trochlear cartilage) should easily satisfy the criteria of step three.

18. Second, Judge Herin ruled:

19. I…find there is no good cause for the claimant's failure to appear at the time and place of hearing…[t]he claimant has refused to cooperate with the State agency's attempt to schedule a consultative examination, and with the Hearing Office's attempt to schedule his hearing…[t]he claimant has not provided any evidence to establish the extraordinary circumstances that would justify conducting the hearing via telephone, as there is no evidence of any mental health treatment or other treatment of any kind for approximately two years…[a]ccordingly, the request for hearing dated April 14, 2016 is dismissed and the determination dated January 27, 2016 remains in effect."

20. However, Plaintiff asserts he submitted a medical record from his treating therapist, Dr. Cathy Lebeaux, dated November 6, 2016, confirming that [Plaintiff] did seek outpatient psychotherapy for depression and social anxiety."

21. The Plaintiff argues the factual finding of Judge Herin is therefore clearly erroneous since the hearing date was April 30, 2018 and the medical record from Dr. Lebeuax would be valid until November 6, 2018, seven months after the hearing in his matter.

22. Third, the Plaintiff asserts that an "extraordinary circumstance" existed that would justify Plaintiff's timely request for reasonable modification and conducting the hearing via telephone – Plaintiff's diagnosis of agoraphobia (social anxiety and fear of leaving the house) and body dysmorphia (altered perception of his physical appearance). The Plaintiff asserts Dr. Caleb Loring, the Commissioner's own expert, diagnosed Plaintiff with both conditions on or around 9/15/15.

23. The Plaintiff submitted a reasonable modification request, as early as June 28, 2017, asking to appear by telephone at the hearing because his body dysmorphia would not allow him to participate via teleconference and his agoraphobia would not allow him to travel the 120 mile round trip to Columbia, SC or Augusta, GA to appear in person at a hearing.

24. The Plaintiff also made a request for reasonable modification (*Exhibits B13B, B14B, and B15B*), under *Title II of the ADA*, to the State agency to have a consultative examination, scheduled for August 2017, to be conducted via telephone. The State Agency completely ignored Plaintiff's reasonable modification request, did not address it before the date of the examination, and did not contact the Plaintiff in regards to his timely request for

reasonable modification for the appointment. However, Plaintiff, in good faith, called the doctor and presented over the telephone for examination but the doctor stated the State Agency made no arrangements for a telephonic examination.

25. Judge Herin refused to address these request for reasonable modification before his October 30, 2017 or April 30, 2018 hearings. Judge Herin waited until **after** the date of the hearings had passed to address the request and failed to engage in the interactive process before the hearings.

26. Further, Plaintiff timely requested an expedited hearing/compassionate determination in July 28, 2017 due to danger of losing his home due to inability to pay property taxes which the Commissioner's office completely ignored. Had the request been granted, Plaintiff's medical records would have clearly satisfied the 2-year requirement.

27. Judge Herin intimidated, harassed, discriminated against, and retaliated against Plaintiff by calling him on the date of the hearing, October 17, 2017, by being verbally abusive to him, berating him, and attempting to intimidate him for exercising his rights under Title II of the ADA and 29 U.S.C. § 794.

28. Appeals Council Findings

29. The Appeals Council's Notice of Dismissal states:

30. "With your request for review, you alleged that the Administrative Law Judge has defrauded from receiving benefits, intentionally delayed your claim and discriminated against you refusing to provide you with reasonable accommodations…[u]nder our rules described below, we considered your allegations **solely** as they relate to your case for abuse of discretion…[a]fter reviewing the entire record…we determined that the Administrative Law Judge did not abuse his…discretion and none of the other reasons in our rules existed to review your case…"

31. Plaintiff asserts that the Appeals Council's ruling that Plaintiff only raised a due process/abuse of discretion issue is clearly erroneous, Plaintiff clearly asserted that Judge Herin's ruling was an error of law by stating, on his *Form HA-520-US*, that, " I have not worked since June 2015 (Step One)/ *§404.1526* listed impairments (Step Three) limit basic work activities (Step Two)."

32. First, the Plaintiff asserts the Commissioner made a legal error by failing to grant benefits under Step 3 (under §§ 404.1520(d), 404.1525, 404.1526) and Plaintiff contends his mental impairments are listed in the SSA list. Plaintiff

8

asserts that he eligible for benefits due to satisfying the first 3 steps without more.

33. Second, the Commissioner contends that Judge Herin did not abuse his discretion because of his assertion that:

34. By letter dated November 21, 2017, Hearing Office Director Carter offered several options to the claimant to reasonably accommodate his request (Exhibit B18B)…[s]he emphasized the Agency needed medical documentation to establish his eligibility for a reasonable accommodation, and also needed current medical evidence to properly assess his claim for disability benefits…I note that the most recent evidence in the filed dated in early 2016…[t]hat is why I requested a consultive psychological examination of the claimant…"

*35.* However, this finding is clearly erroneous. Federal disability laws clearly state that a qualified individual cannot be coerced into accepting a reasonable modification that he or she does not want or chooses not to accept. See *42 U.S.C. § 12201 (d)* and *42 U.S.C. § 35.130 (e)(1)*

36. The Plaintiff asserts, once again, that he gave constructive notice to the Commissioner, as of July 25, 2017, 4 months before his first scheduled hearing, of his need for reasonable modification to the agency's procedures to attend his hearings via telephone.

37. The Plaintiff certified mailed a subsequent request for reasonable accommodation on October 1, 2017 requesting that Defendants allow him to participate in the October 17, 2017 via telephone and requested Defendants enter into the interactive process so that we can discuss any form of accommodation that will allow me to participate in the[ir] proceedings."

38. The record demonstrates that relating to both hearings, the October 30th hearing and the April 30th hearing, Judge Herin ignored the request for reasonable modification and refused to enter the interactive process **before** said hearings.

39. Relating to the Hearing Officer Director Carter's alternative

accommodations, the offer did not demonstrate good faith because it came a month **after** my first hearing was scheduled. Further, the alternative accommodation to "schedule an in-person hearing during the late afternoon," still required the Plaintiff to leave his home and to interact with others in a public setting despite the severity of his agoraphobia, severe social anxiety, and paranoid personality disorder.

40. Most importantly, the Plaintiff did not want the alternative accommodations and his request for a hearing via telephone did not fundamentally alter the services offered by the agency.

41. The Agency's claim that it needed an in-person hearing, consultative examination, and medical documentation "to establish that [Plaintiff is] a qualified individual with a disability with limitations that require a reasonable accommodation..." is belied by report of the agency's own expert, Dr. Caleb Loring, that clearly documented Plaintiff's substantially limited ability to interact with others in a public setting.

42. Further, the absence of medical evidence or examinations does not mean Plaintiff's conditions are no longer disabling. The Plaintiff can produce medical evidence documenting his history of noncompliance with mental health treatments as a symptom of his mental illness, in the past leading to hospitalization.

43. Schizophrenia, Bi-Polar with Mania, etc. are lifelong, permanent conditions with no known cure and Plaintiff has suffered with the symptoms of these conditions since 1996 and been attested to by at least 5 psychologists.

44. The Plaintiff asserts that Judge Herin failed to give weight to the opinions of Plaintiff's treating physicians and gave weight to a physician who never examined Plaintiff, failed to build an accurate and logical bridge from the evidence to his conclusions, and failed to include a "narrative discussion describing how the evidence support' his 'explanation of the varying degrees of weight he gave to differing opinions concerning [the claimant's] conditions and limitations." *Woods v. Berryhill (CA4 2018)*

45. <u>Mandamus Jurisdiction Under 28 U.S.C. § 1361 and Review of Agency Action under 5 U.S.C. § 704</u>

10

46. Plaintiff argues that his claim presents a challenge to a Social Security regulation under *§ 405(g)* that is collateral to the substantive claim and presents a colorable constitutional claim.

47. Plaintiff argues, on multiple occasions during multiple applications to the Social Security Administration, since 2011, been denied equal protection and due process and that the procedural safeguards were constitutionally inadequate because the agency refuses to make modification to its procedure and policies requiring a claimant to appear in-person for a hearing.

48. Plaintiff argues that the agency's procedures favor claimant with physical disabilities or mental disabilities that do not substantially limit their ability to interact with other in public settings or to leave their homes. Plaintiff asserts that he and other claimants diagnosed with agoraphobia, social anxiety, paranoid personality disorder whose disorders substantially limit their ability to leave the house and interact with others in public settings are severed from the benefits and services of the agency – specifically, the ability to participate in hearings before an administrative law judge.

49. The Plaintiff asserts the agency had a nondiscretionary duty under the Americans with Disabilities Act, the First Amendment, the Fourteenth Amendment, etc. to provide a reasonable modification to its policies and procedures and failed to do so.

50. The Plaintiff faxed a written request to Defendants on July 25, 2017 requesting subpoenas to various medical providers to obtain medical evidence necessary to decide Plaintiff's claim for social security benefits.

51. Defendants neither provided the requested subpoenas nor provided the Plaintiff with the requested records before conducting the hearing on October 17, 2017.

52. Plaintiff asserts he was denied due process as a result of being denied the requested subpoenas, denied equal protection of laws, denied rights under his First Amendment right to petition the government and under 42 U.S.C. § 1981(a) denied the right to be a party and present evidence.

53. Plaintiff asserts he was denied due process under the SSA's own 5-

1  step Sequential process by not being found to be disabled without more, and
2  being forced to prove his disability under the 5th Step – which defendant had
3  the burden to prove.

5  54.    Plaintiff asserts that Defendants' adverse actions against him, since
6  2011, represent a policy, practice, and pattern motivated by and based on
7  discriminatory animus against claimants with mental impairments or
8  disabilities.

10  A.    Where did the events giving rise to your claim(s) occur?

11       See Above.

12  B.    What date and approximate time did the events giving rise to your claim(s) occur?

13       See Above.

14  C.    What are the facts underlying your claim(s)?  *(For example:  What happened to*
15       *you?  Who did what?  Was anyone else involved?  Who else saw what happened?)*

16       See Above.

## IV. Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

The Plaintiff is suffering irreparable harm as a result of the denial of his benefits based on his need for reasonable modifications and his mental disabilities in that he has been denied SNAP benefits under the Department of Social Services's ABAWD policy (Able-Bodied Adult) and cannot obtain a discharge of his student loans without a declaration from the agency of a disabled status.

The Plaintiff has suffered Irreparable harm due to the denial of constitutional rights under the First, Eight, and Fourteenth Amendment of the Constitution.

Also, due to Plaintiff's period of decomposition, he is completely indigent, in need of assistance with shopping and other activities requiring him to enter the public, cannot support his three minor children and they are forced to go without basic necessities.

As a result of his symptoms and inability to work, as well as his inability to afford his light bill, with services being disconnected in January 2017, his wife has separated from him and moved to another state.

The Plaintiff has had to move in with a family member and cannot afford to independently live in his own home due to inability to pay the costs of utility services, with his electricity being cut off in January 2017 due to inability to pay a past due balance of $500.00.

The Plaintiff is seeking $76,000 in legal fees, compensatory damages, punitive damages, and all allowable financial damages against Defendants for:

Emotional Distress, Depression, Anxiety; Sleeplessness, Manic Episodes, Denial of Medicare and Medical Insurance; Pain and Suffering due to inability to pay for medical treatments. Loss of SNAP/EBT/Medicaid benefits due to an inability to receive a favorable disability determination from the Social Security Administration. The Plaintiff has suffered irreparable harm due to the denial of constitutional rights under the First, Eight, and Fourteenth Amendment of the Constitution.

## V. Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

### Irreparable Harm

The Plaintiff is suffering irreparable harm as a result of the denial of his benefits based on his need for reasonable modifications and his mental disabilities in that he has been denied SNAP benefits under the Department of Social Services's ABAWD policy (Able-Bodied Adult) and cannot obtain a discharge of his student loans without a declaration from the agency of a disabled status.

The Plaintiff has suffered Irreparable harm due to the denial of constitutional rights under the First, Eight, and Fourteenth Amendment of the Constitution.

Also, due to Plaintiff's period of decomposition, he is completely indigent, in need of assistance with shopping and other activities requiring him to enter the public, cannot support his three minor children and they are forced to go without basic necessities.

As a result of his symptoms and inability to work, as well as his inability to afford his light bill, with services being disconnected in January 2017, his wife has separated from him and moved to another state.

The Plaintiff has had to move in with a family member and cannot afford to independently live in his own home due to inability to pay the costs of utility services, with his electricity being cut off in January 2017 due to inability to pay a past due balance of $500.00.

### Injunctive Relief

The Plaintiff moves the Court to enter preliminary injunctive relief requiring the agency to provide the Plaintiff with a reasonable modification: to make any future appearances at any hearing; to file a new application for benefits; to be examined by a medical examiner; or to obtain any services or benefits from the Social Security Administration via telephone, and to excuse him from appearing in person.

The Plaintiff asserts that granting the injunctive relief is in the public interest as it will fulfill the will of Congress to prevent systematic discrimination against individuals with mental/physical impairments, as expressed in 42 U.S.C. §12132 and 29 U.S.C. § 794. Requiring the State Agencies processing claims for social security benefits to strictly adhere to the SSA's Five-step Sequential Process, especially granting benefits at Step 3, without more, will promote efficient and orderly administration of the process and the agencies resources, reducing unnecessary costs such as expert testimony from vocational experts regarding the 5th Step of the 5-Step Sequential Process and unnecessary medical consultations – the balance of equity tips in favor of granting the injunction.

Plaintiff asserts that the merits of his claims are based on facts that cannot be disputed and can derive directly from the Defendants' own files - there is a great likelihood of success of the claims.

<u>Declaratory Relief – Creation of Remedies</u>

The Plaintiff is seeking declaratory relief from the Court and creation of remedies by the Court declaring:

1. Defendants violated Plaintiff's constitutional rights under the First, Eight, and Fourteenth Amendments.
2. Defendants discriminated against Plaintiff based on his mental impairments in violation of 42 U.S.C. § 12132 and 29 U.S.C. § 794.
3. Claimants, with mental and physical impairments that substantially limit major life activities, such as interacting without others, etc. are entitled to reasonable modifications of a State agency's policies, customs, and procedures at all levels of administrative activities relating to applications for benefits under 42 U.S.C. § 405(g).
4. State agencies processing and administrative activities, relating to benefits under 42 U.S.C. § 405(g), shall not discriminate, intimidate, harass, or retaliate against any qualified individual with a disability for asserting their rights under Title II of the ADA or 29 U.S.C. § 794.

5. 42 U.S.C. § 12132 and 29 U.S.C. § 794 are applicable to all administrative activities relating to an application of benefits under 42 U.S.C. § 405(g) and to all stages that a claimant must proceed through to exhaust administrative procedures.
6. In attempting to provide reasonable modifications to procedures and policies, State Agencies shall not intimidate or harass into accepting, or require qualified individuals with mental/physical impairments to accept accommodations or modifications that they choose not to accept or do not desire. See *42 U.S.C. § 12201 (d)* and *42 U.S.C. § 35.130 (e)(1)*
7. Defendants shall not evaluate and force a claimant to prove that they are disabled based on steps 4 or 5 in its sequential process if they qualify for benefits under step 3 of its sequential process, without proving more.

<u>Trial by Jury</u>

I am requesting a trial by jury in accordance with *Federal Rule of Civil Procedure, Rule 38* and the *Seventh Amendment to the Constitution* on all claims.

Class Certification

I am seeking a class certification for all similarly situated claimants for social security benefits who were denied reasonable modifications to Defendants' rules, policies, and procedures to attend administrative hearings via telephone if they cannot attend via teleconference or in-person due to substantial limitations caused by mental or physical impairments. Also, I file this claim and asks that a class be certified based on all claimants who qualified for benefits under Step 3 of the 5-Step Sequential Process, but were forced to attend further medical examinations, etc. and required to prove disability based on the Fourth and Fifth Step.

VI. **Certification and Closing**

16

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

**A.    For Parties Without an Attorney**

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 5/20, 2019

Signature of Plaintiff _Eric A. Sanders_

Printed Name of Plaintiff _Eric A. Sanders_

**B.    For Attorneys**

Date of signing: _____, 20___.

Signature of Attorney _____

Printed Name of Attorney _____
Bar Number _____
Name of Law Firm _____
Address _____
Telephone Number _____
E-mail Address _____