IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Eric Alan Sanders, *on behalf of S.K. Sanders*, *E.A. Sanders, II, and AM Gray-Sanders*, | ) ) Civil Action No. 3:19-cv-01503-JMC |
| Plaintiff, | ) ) ) |
| v. | ) **ORDER** ) |
| Walter C. Herin, Jr.; LaNieta Carter; SC ODAR, *South Carolina Office of Hearings Operations*; Disability Determination Services, *South Carolina Vocational Rehabilitation Department*; Heather Corn, *Disability Examiner*, | ) ) ) ) ) ) ) |
| Defendant. | ) ) |

Plaintiff Eric Alan Sanders, proceeding *pro se*, filed a Complaint against Defendants Walter C. Herin, Jr., LaNieta Carter, the South Carolina Office of Hearings Operations, the South Carolina Vocational Rehabilitation Department, and Heather Corn, for alleged violations of the Americans with Disabilities Act of 1990. 42 U.S.C. § 12101, *et seq.* (ECF No. 1.) The matter before the court is the Magistrate Judge's Report and Recommendation ("Report") that recommends dismissing Plaintiff's Amended Complaint without prejudice and issuance and service of process. (ECF No. 25 at 11.)

The Report sets forth the relevant facts and legal standards, which the court incorporates herein without a full recitation. (ECF No. 25 at 1–4.) Plaintiff filed an application for Social Security Disability Insurance and Supplemental Security Income in June 2015, which were denied by the Social Security Administration. (ECF No. 20 at 6.) The Administrative Law Judge ("ALJ"), Defendant Walter C. Herin, Jr., set a hearing in April 2016, but Plaintiff failed to attend. Plaintiff filed this action against the named defendants seeking damages for their alleged failure to

1

accommodate his disability and an injunction against the Social Security Administration requiring it to: (1) provide reasonable accommodations so that Plaintiff does not have to attend any hearings in person, (2) allow Plaintiff to file a new claim for benefits, and (3) have Plaintiff examined by a medical examiner. (ECF No. 25 at 2–3.) The Magistrate Judge concluded that, "to the extent he asks this court to reconsider any claim raised in *Sanders v. Commissioner of Social Security Administration*, C/A No. 0:18-3070-JMC-PJG, those claims should be dismissed as frivolous." (*Id.* at 5.) Moreover, the Report

> As to his claims against the named defendants, Plaintiff does not specify which causes of action he raises against each defendant. In light of the court's duty to liberally construe pleadings filed by pro se litigants, and because many of the causes of action raised by Plaintiff would be plainly meritless against certain defendants, the court has construed the causes of action to apply only to plausible defendants for each claim. For the reasons stated below, the court concludes that Plaintiff's claims either fail to state a claim upon which relief can be granted, or are raised against defendants who are immune from suit.

(*Id.*)

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court, and the recommendation has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The responsibility to make a final determination remains with the court. *Id*. at 271. As such, the court is charged with making *de novo* determinations of those portions of the Report to which specific objections are made. *See* 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). In the absence of specific objections to the Magistrate Judge's Report, the court is not required to give any explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc.*

*Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Furthermore, a failure to file specific, written objections to the Report results in a party's waiver of the right to appeal from the judgment of the court based upon such recommendation. *See* 28 U.S.C. § 636(b)(1). Thus, the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See id.*

The court is required to interpret *pro se* documents liberally and will hold those documents to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978); *see also Hardin v. United States*, C/A No. 7:12–cv–0118–GRA, 2012 WL 3945314, at *1 (D.S.C. Sept. 10, 2012). Additionally, *pro se* documents must be construed in a favorable manner, "no matter how inartfully pleaded, to see whether they could provide a basis for relief." *Garrett v. Elko*, No. 95-7939, 1997 WL 457667, at *1 (4th Cir. Aug. 12, 1997). Yet, even though *pro se* documents are liberally construed by federal courts, "[t]he 'special judicial solicitude' with which a district court should view *pro se* complaints does not transform the court into an advocate." *Weller v. Dep't of Soc. Servs. for Balt.*, 901 F.2d 387, 391 (4th Cir. 1990).

The record indicates that objections to the Report are due by December 27, 2019, and that Plaintiff has failed to respond. (*See* ECF No. 25.) In the absence of specific objections to the Magistrate Judge's Report, the court is not required to give any explanation for adopting the Report. *See Camby*, 718 F.2d at 199. Furthermore, a failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the court based upon such recommendation. 28 U.S.C. § 636(b)(1). The court concludes that the Magistrate Judge's Report accurately summarizes the law and correctly applies it to the instant action. (ECF No. 25.) Thus, because there are no specific objections filed by either party and there is no clear error in the record, the court adopts the Report. *See Diamond*, 416 F.3d at 315; *see also Camby*,

718 F.2d at 199.

After a thorough review of the Report and the record in this case, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 25) and **DISMISSES** Plaintiff's Amended Complaint (ECF No. 20) without prejudice and service of process. Plaintiff's Motion to Appoint Counsel (ECF No. 46) is **MOOT**.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

April 29, 2020
Columbia, South Carolina

4